**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ENVIROCON, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. NO.: 05-516T |
| ARCADIS G&M, INC. | ) | |
| Defendant. | ) | |

**ANSWER**

The defendant, ARCADIS G&M, INC. ("ARCADIS"), hereby answers the Complaint of the plaintiff, Envirocon, Inc. ("Envirocon"), paragraph by paragraph as follows:

PARTIES

1. ARCADIS is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1.

2. Admitted.

3. Admitted.

4. Admitted.

JURISDICTION AND VENUE

5. ARCADIS does not contest jurisdiction at this time.

6. ARCADIS does not contest venue at this time.

FACTS COMMON TO ALL COUNTS

7. Admitted.

8. Responding to the allegations set forth in paragraph 8, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

9. Responding to the allegations set forth in paragraph 9, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

10. Responding to the allegations set forth in paragraph 10, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

11. Responding to the allegations set forth in paragraph 11, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

12. Responding to the allegations set forth in paragraph 12, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

13. Responding to the allegations set forth in paragraph 13, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

14. Responding to the allegations set forth in paragraph 14, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

THE SPECIFIED WORK

15. Admitted that Envirocon performed work in two primary areas of the Property; otherwise denied.

16. Responding to the allegations set forth in paragraph 16, the Subcontract Drawings and Specifications speak for themselves, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

17. Responding to the allegations set forth in paragraph 17, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

18. Admitted.

EXTRA/OUT OF SCOPE

19. Admitted that Envirocon performed Extra Work; otherwise denied.

20. Admitted that certain Extra Work was authorized by written directive; otherwise denied.

21. Admitted.

22. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegations.

23. Responding to the allegations set forth in paragraph 23, the Subcontract speaks for itself. ARCADIS denies all allegations that are inconsistent with Subcontract.

24. Responding to the allegations set forth in paragraph 24, the Subcontract speaks for itself. ARCADIS denies all allegations that are inconsistent with Subcontract.

25. Denied.

26. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegation.

27. Admitted that ARCADIS informed Envirocon that it would pay for Extra Work that could be substantiated. Denies as to all other allegations contained in paragraph 27.

28. ARCADIS is without knowledge of information sufficient to form a belief as to the truth of the allegation.

29. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegation.

30. Denied that such tracking was always accurate.

31. Denied in that "many" is not defined.

32. Admitted that ARCADIS and Envirocon did communicate with each other regarding Envirocon's claimed Extra Work charges. ARCADIS denies the remaining allegations in paragraph 32.

33. Admitted that Envirocon submitted invoices to ARCADIS for Extra Work. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

34. ARCADIS denies the allegations contained in paragraph 34 as they are vague and ambiguous. Further answering, the process for seeking authorization to perform and for payment of Extra Work as prescribed by the Subcontract, which is a written document which speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

35. Denied.

36. Denied that ARCADIS intended for Envirocon to do Extra Work for which compensation was due under the Subcontract.

<u>Additional Specified Work Due to Changed Condition</u>

37. Denied.

38. Responding to the allegations set forth in paragraph 38, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract. Further answering, denied that ARCADIS required Envirocon to transport miscellaneous steel and tire debris from the LFA to an offsite landfill.

39. The first sentence is admitted. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegations remaining in paragraph 39.

40. Responding to the allegations set forth in paragraph 40, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

41. Denied.

42. Denied that ARCADIS provided Envirocon the fill soils. Further answering, ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

43. Denied.

44. Denied.

45. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. Denied in that "certain" is not defined.

48. Denied that ARCADIS was responsible for fill soils. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48.

49. Denied that all authorizations were given to address the need as described.

50. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. Admitted that Envirocon submitted quantity calculations. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including the accuracy of the calculations.

52. Denied.

53. Denied that ARCADIS intended to not pay for materials for which compensation was due under the Subcontract.

54. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegations.

55. Denied.

56. Responding to the allegations set forth in paragraph 56, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

57. ARCADIS denies the allegations contained in paragraph 57 as they are vague and ambiguous.

58. Denied.

Delays/Impacts to Specified Work

59. Responding to the allegations set forth in paragraph 59, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

60. Responding to the allegations set forth in paragraph 60, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract..

61. Admitted.

62. Admitted that Envirocon completed its work on or about September 19, 2003; otherwise denied.

63. Admitted that Envirocon was delayed in completing it work. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the reaming allegations contained in paragraph 63.

64. Denied.

65. Admitted that Envirocon did suspend is operations from January 27, 2004 to March 28, 2004. ARCADIS denies the remaining allegations in paragraph 65.

66. Admitted that an ARCADIS employee acknowledged that the weather was severe. ARCADIS denies the remaining allegations in paragraph 66.

67. Admitted that Envirocon submitted a calculation of its additional costs allegedly incurred as a result of the weather. Denied that ARCADIS expressly acknowledged the weather delay claim.

68. Admitted that ARCADIS responded to Envirocon's calculation of its alleged additional costs incurred as a result of the weather. Denied that ARCADIS did not questions Envirocon's entitlement to additional monies.

69. Admitted.

70. Admitted.

71. Admitted that ARCADIS authorized Envirocon to invoice for roughly 76,500 with the understanding that ARCADIS would present the claim to the Owner for review. Denied that Envirocon reserved its right to recover additional funds related to the weather delay claim over and above $76,500 or that the claim was timely.

72. Admitted.

73. Admitted that Envirocon submitted revised delay cost calculations to ARCADIS. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73.

74. Denied.

75. Denied.

76. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78. Denied.

79. Denied.

80. Denied.

81. Responding to the allegations set forth in paragraph 81, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

82. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83. Denied.

84. Denied.

85. Responding to the allegations set forth in paragraph 85, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or go beyond the terms of the Subcontract.

86. Denied.

87. Admitted that Envirocon invoiced ARCADIS for its alleged delay/schedule impact claim and that ARCADIS has refused to pay. Denied that ARCAIDS has previously acknowledged or otherwise agreed to pay the claim.

88. Denied.

<u>The Claim Amount</u>

89. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90. Denied.

91. Admitted that Envirocon took nearly one full year longer to complete its work under the Subcontract. ARCADIS is without knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph.

92. Admitted that ARCADIS has paid $416,462.87 pursuant to Modification 001 to the Subcontract. ARCADIS denies the remaining allegations in paragraph 92.

93. Responding to the allegations set forth in paragraph 93, the Modification 001 to the Subcontract speaks for itself, and therefore ARCADIS denies all allegations that are inconsistent with or that go beyond the terms of the Subcontract.

94. Denied that ARCADIS has failed to adjust the Subcontract and to pay as required by the Subcontract.

95. Admitted that ARCADIS has denied $505,747.30 is due; otherwise denied.

<u>Modification 001 to the Subcontract</u>

96. Admitted.

97. Responding to the allegations set forth in paragraph 97, Modification 001 to the Subcontract speaks for itself. ARCADIS denies all allegations inconsistent with Modification 001 to the Subcontract.

98. Admitted that ARCADIS and Envirocon disagreed as to the amount that ARCADIS still owed to Envirocon, if anything. ARCADIS denies the remaining allegations in paragraph 98.

99. Responding to the allegations set forth in paragraph 99, the Modification 001 to the Subcontract speaks for itself.

100. Admitted that ARCADIS and Envirocon disagreed as to the amount that ARCADIS still owed to Envirocon, if anything. Denied that Envirocon was entitled to further compensation after execution of Modification 001.

101. Denied.

102. Admitted that ARCADIS contends that Envirocon is not entitled to further compensation on its remaining claims. Denied that ARCADIS' contention is wrongful.

103. Denied that ARCADIS intended to deny Envirocon compensation due under the Subcontract.

104. Denied that ARCADIS intended to deny Envirocon compensation due under the Subcontract.

105. Denied that ARCADIS intended to deny Envirocon compensation due under the Subcontract.

106. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.

Final Claim Notice

107. Admitted.

108. Denied that comments were made suggesting that an agreement would be reached with regard to the merits of the claim.

109. Denied.

110. Admitted.

111. Denied.

112. Responding to the allegations in paragraph 112, the Final Claim Notice speaks for itself, and therefore ARCADIS denies all allegations inconsistent with or that go beyond the terms of the Final Claim Notice.

113. Admitted.

114. Responding to the allegations in paragraph 114, the Partial Release speaks for itself, and therefore ARCADIS denies all allegations inconsistent with or that go beyond the terms of the Partial Release.

115. Admitted that a demand was made; denied that demand was valid.

116. Admitted.

117. Admitted.

118. Admitted.

119. Denied.

120. Admitted that ARCADIS contends that Envirocon failed to comply with the Subcontracts' notice requirements and that Envirocon proceeded with Extra Work and/or Additional Specified Work without prior written approval from ARCADIS. Denied that ARCADIS' contention is wrongful.

121. Denied.

122. Denied.

123. ARCADIS admits that it did not at that time provide documents in response to Envirocon's Final Claim Notice; otherwise denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Admitted that ARCADIS refuses to acknowledge and in fact disputes that Envirocon is entitled to additional monies under the Subcontract.

129. Admitted that ARCADIS refused to acknowledge that in fact disputes that Envirocon has a legal and contractual right to recover the entire claim amount; otherwise denied.

130. Denied.

131. Admitted that procedure for mediation prior to suit has been satisfied; otherwise denied.

**COUNT I – OPEN AND/OR BOOK ACCOUNT**

132. ARCADIS repeats and incorporates by references is responses contained in paragraphs 1 though 131 as fully set forth herein.

133. Admitted.

134. Admitted that invoices were submitted; denied that they are all valid.

135. Admitted.

136. Admitted that ARCADIS has not paid the full invoice amounts; denied that objection was not given within a reasonable time.

137. Denied.

138. Denied.

**COUNT II – BREACH OF CONTRACT; FAILURE TO PAY CLAIM AMOUNT**

139. ARCADIS repeats and incorporates by references is responses contained in paragraphs 1 though 138 as fully set forth herein.

140. Admitted that labor, equipment and materials supplied under the Subcontract; otherwise denied.

141. ARCADIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141.

142. Denied.

143. Responding to the allegations in paragraph 143, the Subcontract speaks for itself, and therefore ARCADIS denies all allegations inconsistent with or that go beyond the terms of the Subcontract.

144. Denied.

145. Denied.

146. Denied.

**COUNT III – BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**

147. ARCADIS repeats and incorporates by references is responses contained in paragraphs 1 though 146 as fully set forth herein.

148. Admitted that the bilateral obligations of good faith and fair dealing existed between the parties.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

**COUNT IV – QUANTUM MERUIT/UNJUST ENRICHMENT**

155. ARCADIS repeats and incorporates by references is responses contained in paragraphs 1 though 154 as fully set forth herein.

156. Admitted that services provided by Envirocon under the Subcontract; otherwise denied.

157. Admitted that ARCADIS agreed to compensate Envirocon for services provided in accordance with the Subcontract; otherwise denied.

158. Denied.

159. Denied.

**COUNT V – FRAUD**

160. ARCADIS repeats and incorporates by references is responses contained in paragraphs 1 though 159 as fully set forth herein.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

**COUNT VI – NEGLIGENT MISREPRESENTATION**

175. ARCADIS repeats and incorporates by references is responses contained in paragraphs 1 though 174 as fully set forth herein.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Envirocon has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Envirocon's claims are barred under the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

Envirocon's claims are barred under the statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Envirocon's claims are barred under the doctrines of waiver and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Envirocon's claims are barred by accord and satisfaction.

**SIXTH AFFIRMATIVE DEFENSE**

Envirocon's claims are barred by release.

**SEVENTH AFFIRMATIVE DEFENSE**

Envirocon's claims are barred by assumption of the risk.

**EIGHTH AFFIRMATIVE DEFENSE**

Envirocon's claims are barred by failure to satisfy conditions precedent in the contract documents, namely timely and thorough submission of claims.

**NINTH AFFIRMATIVE DEFENSE**

Envirocon's claims are barred because ARCADIS has performed all of its obligations under its agreement with Envirocon.

**TENTH AFFIRMATIVE DEFENSE**

Envirocon's claims are barred because it failed to plead fraud with particularity.

**ELEVENTH AFFIRMATIVE DEFENSE**

Envirocon's claims are barred or its damages must be reduced on account of its failure to mitigate damages.

**TWELFTH AFFIRMATIVE DEFENSE**

Envirocon's losses, if any, were caused, in whole or in party, by its own conduct.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Envirocon's losses, if any, were the result of conduct of persons or entities over whom the defendant had not control or responsibility, and for hwose conduct the defendant is thus not liable.

**JURY CLAIM**

ARCADIS hereby demands a jury on all matters so triable.

WHEREFORE, ARCADIS respectfully requests that the Court deny the claims by the Envirocon, award ARCADIS its costs and attorneys' fees in this action, and award ARCADIS such other relief as the Court deems just and proper.

Respectfully submitted,

ARCADIS G&M, INC.

By its attorney,

Warren D. Hutchison /RSS

Warren D. Hutchison, R.I. Bar # 5571
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02110
Tel: (617) 406-4500
Fax: (617) 406-4501

00971732

Dated: January 24, 2006

**CERTIFICATE OF SERVICE**

I, Ranen S. Schechner, hereby certify that on January 24th, 2006, I served a copy of the foregoing document on all counsel of record by mailing, first class mail, postage pre-paid, to the following:

Brian LaPlante, Esq.
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903

G. Scott Walters, Esq.
Smith, Currie & Hancock, LLP
2700 Marquis One Tower
245 Peachtree Center Ave.
Atlanta, Georgia 30303-1227

Ranen S. Schechner

00971732