**Walters, Scott**

**From:** Brian Newberry [bnewberry@donovanhatem.com]
**Sent:** Friday, May 26, 2006 3:29 PM
**To:** Walters, Scott
**Subject:** Arcadis

I will be emailing you an unsigned version of interrogatory answers at some point today. It will take a few days to get a signed copy since people are located in Maryland. I'll get that to you next week.

Regarding your letter of earlier this week I will have a full response for you on Tuesday.

Brian C. Newberry
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
617.406.4619 (direct)
617.406.4501 (fax)
bnewberry@donovanhatem.com
www.donovanhatem.com



EXHIBIT "4"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ENVIROCON, INC.<br><br>Plaintiff,<br><br>v.<br><br>ARCADIS G&M, INC.<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. NO: 05-516T |

**DEFENDANT ARCADIS G&M, INC.'S ANSWERS TO PLAINTIFF ENVIROCON, INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33(b), defendant Arcadis, Inc. ("Arcadis") responds to plaintiff Envirocon's ("Envirocon") first set of interrogatories.

GENERAL OBJECTIONS

The following objections are asserted in response to each and every interrogatory propounded by Envirocon. Each objection will not be re-stated in each response, but instead will be incorporated by reference. A response does not constitute a waiver of any objection asserted.

1. Arcadis objects to the interrogatories to the extent that they purport to impose obligations upon Arcadis beyond those required by the Federal Rules of Civil Procedure.

2. Arcadis objects to the interrogatories insofar as the requests therein, individually or collectively, call for information which is beyond the scope of discovery. More particularly, Arcadis objects to, and will therefore not produce any information in response to any request to the extent it seeks information or other things which are subject to the attorney-client or other applicable privilege or which were prepared in anticipation of litigation or for trial.

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Provide a detailed factual basis for each and every defense including all affirmative defenses you have asserted in your Answer to the Complaint.

**ANSWER TO INTERROGATORY NO. 1:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do.

**INTERROGATORY NO. 2:**

Identify any other parties whom Arcadis contends are necessary parties to this action, but who have not been named.

**ANSWER TO INTERROGATORY NO. 2:**

Objection. this interrogatory calls for a legal conclusion. Subject to that objection, Arcadis does not make that contention at this time but reserves the right to supplement this interrogatory answer as events warrant.

**INTERROGATORY NO. 3:**

If you contend that some other person or legal entity is, in whole or in part, liable to any other party in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**ANSWER TO INTERROGATORY NO. 3:**

Objection, this interrogatory calls for a legal conclusion. Subject to that objection, the defendant does not make that contention at this time, although the owner may in certain instances owe money for which the plaintiff seeks recovery in this matter.

**INTERROGATORY NO. 4:**

Identify each and every individual who assisted in providing any information concerning or relating to your answers to these interrogatories and specifically identify the interrogatory (ies) on which each person assisted.

**ANSWER TO INTERROGATORY NO. 4:**

The following individuals assisted in answering these interrogatories:

Legal counsel, PJ Smith, Van Sands, Ed Schroeder, Thomas Crone

**INTERROGATORY NO. 5:**

For each person whom Arcadis identified in its Initial Disclosures as persons likely to have discoverable information, state each and every fact which Arcadis knows or believes each such person has pertaining to Envirocon's claims and/or Arcadis' defenses, including affirmative defenses, in this action.

**ANSWER TO INTERROGATORY NO. 5:**

Objection, this interrogatory is over broad and unduly burdensome. The defendant identified numerous individuals in its initial disclosures and it is impossible for the defendant to identify "each and every fact" which each individual knows. Further, the defendant cannot know for certain what knowledge each person possesses. Subject to this objection, the defendant answers that all of the individuals identified are either employed by or are consultants to the plaintiff, the defendant, the owner or one of the other subcontractors on this project and are individuals with whom the plaintiff is equally familiar.

**INTERROGATORY NO. 6:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 25 of the Complaint.

**ANSWER TO INTERROGATORY NO. 6:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of

proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

The term "Extra Work" is not clearly defined. In general, the defendant agrees that Envirocon performed most of the work it undertook, but the allegation as written is too vague to admit in full.

**INTERROGATORY NO. 7:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 35 of the Complaint.

**ANSWER TO INTERROGATORY NO. 7:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

The term "Extra Work" is not clearly defined so the allegation as written is too vague to admit in full. Further, while the defendant agrees that it denied a claim, that denial was not "wrongful".

**INTERROGATORY NO. 8:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 37 of the Complaint.

**ANSWER TO INTERROGATORY NO. 8:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of

proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Envirocon was requested, not required to perform additional work and authorization for a contract change was issued where appropriate. Further, Envirocon assumed the risk of what it could reasonably have anticipated and whether something was "reasonable" is a matter of opinion upon which the parties appear to disagree.

**INTERROGATORY NO. 9:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 38 of the Complaint.

**ANSWER TO INTERROGATORY NO. 9:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Envirocon was requested, not required to perform additional work and authorization for a contract change was issued where appropriate.

**INTERROGATORY NO. 10:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations' in paragraph 41 of the Complaint.

**ANSWER TO INTERROGATORY NO. 10:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of

proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

This allegation is denied at this time because Envirocon is taking inconsistent positions in their Complaint and their claim/contract summary. Arcadis admits that Envirocon was originally asked to bid for a scope of work that included the provision as well as the handling, transporting and placing of fill and topsoil. Arcadis also admits that when the original contract with Envirocon was executed, the total contract amount was reduced by $561,000.00 which represented an "On-Site Fill Credit" (Base Contract Item #11) for materials that at the time the parties contemplated would be provided either by Arcadis or the Owner. Envirocon now claims in their Contract Summary that it is entitled to the full $561,000.00 amount (Base Contract Item #11) while at the same time it alleges in its Complaint in Paragraphs #40 and #41 that the materials were to be provided by others and were not included in its scope.

Certain Base Contract Items were eliminated entirely (Item #4 – 8 Inch Subbase Layer, Item #7 – 8 Inch Protective Cover Placement) while other Base Contract Items had reduced quantities (Item #6 – 12 Inch Drainage Layer Placement, Item #8 – 4" Topsoil Layer) and the Base Contract was adjusted in MOD 1 to eliminate the costs associated with the handling, transport and placement of these to reflect the reduced quantities. Envirocon's Contract Summary appears to include amounts (Item #11 in the amount of $561,000.00) for materials that were eliminated entirely and/or reduced from the original scope of work.

Some of the materials provided by Arcadis included: 1) structural fill in 3rd beach parking lot; 2) sand for gas vent layer; and 3) drainage same for top of the geomembrane liner.

Arcadis authorized additional payment so that certain dredge materials could be produced to supplement other sources of fill material (Adjusted Base Contract Item #22). Envirocon's Contract Summary appears to include amounts for fill materials (Base Contract Item #11 in the

amount of $561,000.00) that were provided by Arcadis and others and Arcadis issued certain changes to Envirocon to handle, transport and place dredge materials under Adjusted Base Contract Item #22 (WBS 8020(1)).

**INTERROGATORY NO. 11:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 42 of the Complaint that the fill soils provided by Arcadis and others differed materially from that which as originally specified.

**ANSWER TO INTERROGATORY NO. 11:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

See response to Interrogatory #10.

Arcadis denies that any materials that it provided or that were provided by others under its control or right of control were not as specified. To the extent that any additional out of scope work was required for special handling of these materials, Arcadis authorized and made additional payments (see Adjusted Base Contract Summary Items #16 and 22). Arcadis further states that Envirocon assumed the risk of such conditions as alleged under the terms of Section 8 of the Contract between Arcadis and Envirocon.

**INTERROGATORY NO. 12:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 43 of the Complaint.

**ANSWER TO INTERROGATORY NO. 12:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for

information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Arcadis denies that any Low Fill Area materials differed materially in both quantity and content from the bid documents. Arcadis affirmatively states that Envirocon knew or should have known the waste profile of the Low Fill Area and the water elevations and thus knew or should have known of the moisture content and any issues associated with handling such materials. To the extent that any additional out of scope work was required for special handling of these materials, Arcadis issued and paid for change order work (see Adjusted Base Contract Summary Item #15). Arcadis further states that Envirocon assumed the risk of such conditions under the terms of Section 8 of the Contract between Arcadis and Envirocon.

**INTERROGATORY NO. 13:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 52 of the Complaint.

**ANSWER TO INTERROGATORY NO. 13:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

The defendant provided both written and verbal explanations for its denials. These included both written and verbal communications from Van Sands, Ed Schroeder and P.J. Smith of Arcadis to certain representatives of Envirocon including, but not limited to, Jack Galbreath,

Ralph Schaar, and John D' Antuono.

**INTERROGATORY NO. 14:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 53 of the Complaint.

**ANSWER TO INTERROGATORY NO. 14:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

The defendant both intended to and did pay for all legitimate charges for topsoil.

**INTERROGATORY NO. 15:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 55 of the Complaint.

**ANSWER TO INTERROGATORY NO. 15:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Envirocon did not timely or properly make such notification.

**INTERROGATORY NO. 16:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 58 of the Complaint.

**ANSWER TO INTERROGATORY NO. 16:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

The defendant's denials were not wrongful. Envirocon submitted a number of claims for additional payment. Arcadis denied those claims after a preliminary investigation. Arcadis has been undertaking a more detailed investigation of the claims over the past several months, and based on the initial results of that investigation, Arcadis submits the following statement of its position on each of those claims by item number. These positions are preliminary and may be subject to change upon further investigation. The following items represent claims that Arcadis believes it may owe money or credits on:

**Item #5 – 40 Mil Geomembrane**

Although not a Change Order item per se, Arcadis believes Envirocon may be entitled to a contract adjustment in the amount of $3,758.20 for this Base Contract Item #3.

**Item #17 – Weather Delay Reconciliation**

ARCADIS disputed Envirocon's claims for weather delays. However, ARCADIS does admit that it agreed to pay $76,447.99 in compromise for the weather delay claims.

**Item #18 – Structural Fill**

The material costs for this line item are already accounted for in a portion of the $561,000 contract line item material that Envirocon already includes as part of its claim. This material would represent the only material from the "On-Site Fill Credit" Base Contract Line Item (Item #11) that Envirocon may be entitled to payment for.

Arcadis disputes Envirocon's estimate of the quantity (18,144 CY) because Envirocon bases this estimate on "loose" yards not actual measured-in-place volumes as required by the Contract.

Envirocon may be entitled to an additional payment in the amount of $0.44/cubic yard for the placement of this material. The best estimate of this volume at this time is the original contract volume of 13,350 CY making the total change amount $5,874. If Envirocon can demonstrate that the actual measured in-place volumes are higher than the original contract estimate then the

quantity and the associated prices should be adjusted accordingly.

**Item #20 – Additional Demob/Remob**

Arcadis admits that it agreed to pay the $6,710 and has paid the charges for the subcontractor remobilization. Envirocon may be entitled to the Hertz pickup charges (approx $1,200-$1,500) associated with the return of this equipment even though these charges could represent overpayment to the extent the equipment was never returned to the site later (i.e. one demobilization was already included in the original contract price). Arcadis needs more information to fully analyze this issue.

**Item #22 – Medford River Ex., Drg., Scr.**

Envirocon may be entitled to an additional $9.817.24 for this line item. Arcadis rejected the remainder of the claim ($3,219.66) because it represented equipment and labor overcharges.

**Item #23 – Wet Meadows Excavation**

Envirocon may be entitled to $527.38 for this Contract Change Requisition Item #23.

**Item #26 – PCO #40 – Additional Materials**

Arcadis denies that Envirocon's claimed quantity of 12,846.37 CY is correct. Envirocon's estimate is based on "loose" yards as opposed to field-measured volumes as required by the Contract. Arcadis admits that 7,026 CY was placed per the subcontract. Arcadis affirmatively states that its estimate of the extra quantity of material imported was 3,000 to 3,500 CY. Of that amount 1,400-1,700 CY was required to refill an area that Envirocon admitted that it overcut by mistake. Costs associated with this work are not an extra to the Contract. Envirocon may be entitled to an extra for additional topsoil materials (measured-in-place volumes) for materials over and above the 7,026 Contract amount and the 1,400-1,700 CY placed to correct its own excavation error. Arcadis has not been provided sufficient explanation or details regarding where and in what quantities this material was placed on the project site. Envirocon would be entitled to an additional $19/CY for this material if it could prove its allegation. Arcadis' estimate of this volume is 1,300 to 2,100 CY, subject to some sort of evidence and/or verification of where and at what volumes this material was placed.

**Item #33f – Load Out and Transport**

This appears to be a duplicate of item 33b, hence a $3,745 credit may be due from Arcadis to Envirocon.

**<u>Item 33h – Other Anticipated Costs</u>**

*Additional Amount claimed by Envirocon - $398.30*
Arcadis admits that this amount may be due to Envirocon.

The above-mentioned items do not account for Arcadis' offsets against those amounts

listed above for overpayments or mistaken payments on certain change orders including, but not limited to, Construction Change Order Requisition Items #3, 12, #13, #25 as well as any credits due for the On-Site Fill Credit Line Item (Item #11). Arcadis reserves any and all rights for such offsets and claims because Envirocon warranted in the Contract (Section 5) that each invoice submitted was a complete and accurate statement of the work. Arcadis denies that claims for these items listed above and any other claim line items were approved at the amounts claimed by Envirocon.

Arcadis denies completely the remaining claims and in support of its denial makes the following assertions related thereto. Note that a response to Envirocon's interrogatories that references Envirocon's accounting or breakdown of its own claim shall not be considered an admission that Envirocon's accounting is valid and correct.

**Item 3 – Imported Gravel Fill – Parking Lot**

*Additional Amount claimed by Envirocon - $12,760*

Arcadis admits that 2,600 tons were provided and placed at $16/ton and that this amount was a reduction in the original contract amount.

Envirocon alleges that it placed (but did not provide) an additional 4,400 tons at $2.90/ton that was not accounted for in Modification #1 (invoice 1454404 dated 7/14/04). Envirocon claims this amount was already approved and paid for by Arcadis.

Arcadis denies Envirocon's estimated quantity for this Line Item. Quantities for payment were to be field measured/surveyed in place. Envirocon has overstated the quantities by calculating quantities using "loose yards" which were measured by multiplying the number of truck deliveries by 17 cubic yards, the quantity that Envirocon assumed for each load. Envirocon was instructed to measure the loads on a scale. Ed Schroeder of Arcadis disputed Envirocon's estimate of the volume transported.

If Envirocon were paid for the placement of an additional 2,600 tons as it claims, this would represent a mistake entitling Arcadis to a credit for the full amount of $12,760.

Arcadis denies that it approved Envirocon's claim of $12,760.00 for this Line Item.

**Item 12 – Additional Steel & Tire Removal**

*Additional Amount claimed by Envirocon - $14,947.25*

Envirocon's claim is made up of three invoices. It appears that Arcadis paid 2 of the 3 invoices. The remaining portion of the claim was rejected by Arcadis because it included duplicate time sheets and disposal of certain other construction trash that was a contract item.

If Envirocon were paid for this item as it claims, this would represent a mistake entitling Arcadis to a credit.

**Item 13 – Additional Stump Removal**

*Additional Amount claimed by Envirocon - $934.33*

Disputed amount represents overstated material and labor costs and billing for work that was actually contract work. This amount was rejected by Ed Schroeder

If Envirocon were paid for this item as it claims, this would represent a mistake entitling Arcadis to a credit.

**Item 15 – Additional Soil Stabilization**

*Additional Amount claimed by Envirocon - $2,963.24*

This is for bringing in a new disk and performing trial disking. This work was a contract item called out in the specifications. Ed Schroeder denied this as an extra to Ralph Schaar and only promised that Arcadis would pay for trial disking as an extra if it did not work.

**Item 16 – Additional Dredge Spoils Handling**

*Additional Amount claimed by Envirocon - $19,800.77*

Arcadis agreed to pay for 667 cy of washed sand at $15/cy (plus tax). Arcadis also agreed to pay $365.00 for some incidental work. This material was required to build a "ramp" in a dock area. The change order that Arcadis authorized for this item was for material costs only. No labor or equipment was required to work the material once it was off-loaded. Envirocon was instructed that this material had to meet project specifications.

Envirocon's claim included charges incurred in purchasing and delivering non-spec material that contained trash. This material could not be placed in a navigable waterway or a public beach. Envirocon's claim was rejected in part because Envirocon included a bill for the costs of this non-spec material which was rightfully rejected by Arcadis. The claim was also rejected in part because it included costs for the labor and equipment for Envirocon to remove this unacceptable material.

**Item 17 – Weather Delay Reconciliation**

*Additional Amount claimed by Envirocon - $202,976.29*

Arcadis rejected this claim because Envirocon assumed the risk of weather delays under the terms of the contract and assumed the risk that such claims would be denied by the Owner. Many of the contract line items are lump sum and do not contain any exceptions, conditions or assumptions as Envirocon now claims. Arcadis also denies because Envirocon failed to comply with the notice provisions contained in the Contract.

Arcadis denies that Envirocon is entitled to bring any such claim for weather delays. However, if it is determined that Envirocon is entitled to bring such a claim at all, Arcadis denies the substance of the claim for the following reasons: overstating the duration and number days of

delay, alleging weather delays when in fact there were no such delays preventing work, charging idle time for equipment that was being used for other tasks including but not limited to change order work, charging idle time for equipment that should have fallen under general overhead costs, overstating their ability and their efforts to do the work in a certain period of time as they now claim, charging idle time for equipment that was not idle, and charging idle time for equipment that Arcadis stated should be send back to the rental company if it could not be used efficiently, and charging idle time after Ed Schroeder specifically rejected all such claims.

Further, assuming Envirocon's position were correct, which Arcadis denies, Envirocon also understated the contract time credits due and owing to Arcadis including those due for reduced scope of work.

ARCADIS disputed Envirocon's claims for weather delays. However, ARCADIS does admit that it agreed to pay $76,447.99 in compromise for the disputed weather delay claims.

**Item 19 – Additional T&M Work**

*Additional Amount claimed by Envirocon - $70,732.58*

$16,000 was rejected by Tom Crone as contract work. As for the remaining balance of this claim, Arcadis denies that it agreed to these "value added" items as Envirocon calls them which are basically claims for idle time. Arcadis denies that it "accepted" these claims as Envirocon alleges. Arcadis simply verified that the time sheets were accurate in their references to time and equipment. Arcadis only committed to raise this issue/claim with USFWS in attempt to seek additional funding. Arcadis denies that its actions were an acknowledgment that these charges were valid and due by Arcadis.

**Item 20 – Additional Demob/Remob**

*Additional Amount claimed by Envirocon - $14,470.47*

Arcadis denied any claims for labor for the balance of this claim line item (over $14,470.47) because it had nothing to do with remob work and in fact included charges for individuals that were doing other work (contract and T&M) at the same time. Arcadis affirmatively alleges that Envirocon double billed for a portion of this labor time.

**Item 21 – T&M After Remob**

*Additional Amount claimed by Envirocon - $587.31*

The $527.38 difference was rejected by Ed Schroeder of Arcadis who instructed Envirocon to resubmit because they overstated the labor charges and equipment time. Envirocon is incorrect when they state that Arcadis approved the full amount.

**Item 25 – Final T&M Invoices**

*Additional Amount claimed by Envirocon - $5,959.09*

Arcadis denied a portion of this Line Item because it included contract work and double billing.

**Item 28 – Material Impact**

*Additional Amount claimed by Envirocon - $172,301.83*

See responses to Interrogatories 10, 11, and 12.

Arcadis also denied this claim because Envirocon failed to comply with the notice provisions contained in the Contract.

Arcadis denies that Envirocon is entitled to bring any such claim for material delays. However, if it is determined that Envirocon is entitled to bring such a claim at all, Arcadis denies the substance of those claims for the following reasons: overstating the duration and number days of delay, alleging material delays when in fact their were no such delays preventing work in other areas of the project, charging idle time for equipment that was being used for other tasks including but not limited to change order work, charging idle time for equipment that should have fallen under general overhead costs, overstating their ability and their efforts to do the work in a certain period of time as they now claim, charging idle time for equipment that was not idle, and charging idle time for equipment that Arcadis stated should be send back to the rental company if it could not be used efficiently, and charging idle time after Ed Schroeder specifically rejected all such claims.

**Item 33a – Subsurface Drilling**

*Additional Amount claimed by Envirocon - $1,468*

Arcadis denied this claim Line Item because it relates to a backcharge that was issued to Envirocon after its trackhoe operator knocked over a well.

**Item 33b – Mello – Viking materials – off-site waste haulage**

*Additional Amount claimed by Envirocon - $3,745*

Arcadis denied this claimed Line Item because one corner of landfill was never final graded. Ed Schroeder told Envirocon that it would be backcharged for any disposal charges for any trash that fell outside the limit of the original landfill boundary because once the new liner was down, the existing trash could not be put back on the liner (in the landfill) and instead had to be disposed of offsite.

**Item 33c – Phillipp Services – Development Water Disposal**

*Additional Amount claimed by Envirocon - $214.50*

Arcadis denied this claim Line Item because it is related it item 33a. It is a backcharge associated with injection and containment of water and haul off for treatment.

**Item 33d – Credit bid item 40 mil geomembrane**

*Additional Amount claimed by Envirocon - $10,991.35*

Arcadis denied this claim Line Item because per an e-mail from Ralph Schaar of Envirocon to Jim Lyons of Arcadis dated 3/31/04, Envirocon admits that Arcadis' credit for this line item is $111,629.13 not the lower credit of $100,637.78 that it now claims.

**Item 33e – Top soil credit**

*Additional Amount claimed by Envirocon - $2,280*

Arcadis denied this claim Line Item because the amount represents a credit due to Arcadis for subcontract work not performed by Envirocon. It is not a backcharge. The rate is the contract unit price.

**Item 33i – Topsoil – Drainage Ditch Omission**

*Additional Amount claimed by Envirocon - $7,600*

Arcadis denied this claim Line Item because it relates to Item 33e. It represents a credit on the same issue, not a backcharge. Item 33i represents the labor and equipment credit for the same issue.

**INTERROGATORY NO. 17:**

Set forth each and every fact that you contend supports: or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 64 of the Complaint.

**ANSWER TO INTERROGATORY NO. 17:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Whether weather conditions during that period were materially and significantly different from what was reasonably anticipated is a matter of opinion. Arcadis believes the weather was in line with what can be reasonably anticipated in the region for that time of year.

**INTERROGATORY NO. 18:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 74 of the Complaint.

**ANSWER TO INTERROGATORY NO. 18:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Enivorocon was not forced to suspend work by anyone. Suspension of work was Envirocon's decision.

**INTERROGATORY NO. 19:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 75 of the Complaint.

**ANSWER TO INTERROGATORY NO. 19:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Any decision to stop work was Envirocon's decision. While Arcadis had certain design responsibilities, it performed those responsibilities and no actions or inactions by Arcadis caused Envirocon to fail to complete its work.

**INTERROGATORY NO. 20:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 78 of the Complaint.

**ANSWER TO INTERROGATORY NO. 20:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Arcadis did not make any unilateral design changes. USFWS had input into design changes. Further, Arcadis took no actions or inactions that caused Envirocon any delays in performance. Arcadis agrees that the salt marsh wetland was redesigned, but that change reduced the scope of Envirocon's work which made it easier to perform in timely fashion.

**INTERROGATORY NO. 21:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 79 of the Complaint.

**ANSWER TO INTERROGATORY NO. 21:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Arcadis denies that Envirocon was delayed by any delays associated with materials because there was other contract work and additional work available to perform. To the extent there were any perceived delays, they were attributable, in part, to Envirocon's methods and procedures in performing the work and not attributable to Arcadis. Arcadis also never acknowledged or agreed to Envirocon's so-called "anticipated production rates".

See also response to Interrogatory #16.

**INTERROGATORY NO. 22:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 80 of the Complaint.

**ANSWER TO INTERROGATORY NO. 22:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

See Response to Interrogatory No. 21.

**INTERROGATORY NO. 23:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 83 of the Complaint.

**ANSWER TO INTERROGATORY NO. 23:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Envirocon did not timely or properly notify Arcadis of anything referenced in this interrogatory.

**INTERROGATORY NO. 24:**

Set forth each and every fact that you contend supports or otherwise forms the basis of

Arcadis' denial of the allegations in paragraph 84 of the Complaint.

**ANSWER TO INTERROGATORY NO. 24:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Such delays and impacts as alleged were not the responsibility of Arcadis, and to the extent they occurred were at the risk of Envirocon. Arcadis denies the scope and extent of Envirocon's delay claims. To the extent there were any perceived delays, they were attributable, in part, to Envirocon's methods and procedures in performing the work and not attributable to Arcadis.

**INTERROGATORY NO. 25:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 86 of the Complaint.

**ANSWER TO INTERROGATORY NO. 25:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Arcadis made no "unilateral" changes to any designs and, further, the change in question should not have impacted Envirocon's right or ability to do any work.

**INTERROGATORY NO. 26:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations: in paragraph 88 of the Complaint.

**ANSWER TO INTERROGATORY NO. 26:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

The denial was not wrongful.

**INTERROGATORY NO. 27:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 90 of the Complaint.

**ANSWER TO INTERROGATORY NO. 27:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

But for those items listed in other answers to these interrogatories, Envirocon is not entitled to any additional compensation from Arcadis. In particular see response to Interrogatory No. 16 for a further explanation.

**INTERROGATORY NO. 28:**

Set forth each and every fact that you contend supports or otherwise forms the basis of

Arcadis' denial of the allegations in paragraph 92 of the Complaint.

**ANSWER TO INTERROGATORY NO. 28:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Arcadis admits that it has paid Envirocon $3,033,212.87. Arcadis is unable to either admit or deny Envirocon's claim that it has paid $416,462.87 because it does not know what claims, invoices and change orders and other contract line items make up this amount. As for Envirocon's claim of a balance of $766,068.18 , see responses to Interrogatories 10, 11, 12, 16 and 27 for the basis of this denial and a summary of Arcadis' position regarding the various claim Line Items.

Arcadis reserves any and all rights for such offsets and claims because Envirocon warranted in the Contract (Section 5) that each invoice submitted was a complete and accurate statement of the work.

**INTERROGATORY NO. 29:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 94 of the Complaint.

**ANSWER TO INTERROGATORY NO. 29:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection,

the defendant answers:

Arcadis admits that a portion of Envirocon's claims are valid but are subject to offsets and credits for materials not supplied. See response to Interrogatories #10 and #16.

Arcadis denies the balance of Envirocon's claims and denies that it has approved those claims referenced in Paragraph 94 of the Complaint. See response to Interrogatories 10, 11, 12, 16 and 27.

**INTERROGATORY NO. 30:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 101 of the Complaint.

**ANSWER TO INTERROGATORY NO. 30:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Arcadis does not contend that it had no knowledge of the claimed items. Arcadis asserts that its contract modification addressed all issues. Arcadis contends any claims above that amount were invalid.

**INTERROGATORY NO. 31:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 103 of the Complaint.

**ANSWER TO INTERROGATORY NO. 31:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual

basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Arcadis always intended to pay for legitimate contract and extra work. However, Arcadis also believed that the contract modification reflected all legitimate adjustments and rejected other claims as invalid.

See response to Interrogatory #16.

**INTERROGATORY NO. 32:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 104 of the Complaint.

**ANSWER TO INTERROGATORY NO. 32:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

See response to Interrogatory No. 31.

**INTERROGATORY NO. 33:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 105 of the Complaint.

**ANSWER TO INTERROGATORY NO. 33:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative,

which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

See response to Interrogatory No. 31.

**INTERROGATORY NO. 34:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 109 of the Complaint.

**ANSWER TO INTERROGATORY NO. 34:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

See response to Interrogatory No. 31.

**INTERROGATORY NO. 35:**

Set forth each and every fact that you contend supports or otherwise forms the basis of Arcadis' denial of the allegations in paragraph 111 of the Complaint.

**ANSWER TO INTERROGATORY NO. 35:**

Objection. This interrogatory is over broad and unduly burdensome. Further, it calls for information protected by the attorney/client and work product privileges. Further, the burden of proof lies with the plaintiff in this action and the defendant has no obligation to provide a factual basis for the denial of allegations it believes are untrue, nor is it obligated to prove a negative, which effectively is what this interrogatory asks the defendant to do. Subject to this objection, the defendant answers:

Arcadis does not believe the claim was valid and hence there was no support. Further

what is "voluminous," "detailed" or "substantial" is a matter of opinion.

**INTERROGATORY NO. 36:**

Identify each and every person who assisted in preparation of the Construction Drawings for the Project on behalf of Arcadis.

**ANSWER TO INTERROGATORY NO. 36:**

**Upon information and belief, Larry Hosmer, Michael McDonald and Tom Crone.**

**INTERROGATORY NO. 37:**

Identify each and every person who assisted in preparation of the Technical Specifications for the Project on behalf of Arcadis.

**ANSWER TO INTERROGATORY NO. 37:**

Objection. The definition of "Technical Specifications" is not clearly defined. Notwithstanding and subject to this objection Arcadis responds as follows:

**Upon information and belief, Larry Hosmer, Michael McDonald and Tom Crone assisted in preparation of certain specification on behalf of Arcadis. Overall project specifications were also provided to Arcadis by USFWS.**

**INTERROGATORY NO. 38:**

Explain why the United States did not require Arcadis to secure or otherwise obtain a performance or labor and materials payment bond for the Project. Include in such explanation specific and detailed reference to any and all documents that support such explanation.

**ANSWER TO INTERROGATORY NO. 38:**

Unknown.

**INTERROGATORY NO. 39:**

Identify each and every expert witness whom Arcadis intends to call as a witness at the trial of this action, and for each such witness identify: the subject matter that each such expert witness is expected to testify about; all opinions formed by each such expert applicable to this

action; and the facts upon which each such expert has relied in forming his or her opinions.

**ANSWER TO INTERROGATORY NO. 39:**

The defendant states that it has not yet decided whom, if anyone, it will retain as an expert witness and reserves the right to supplement this interrogatory answer as appropriate.

**INTERROGATORY NO. 40:**

Describe in detail, consistent with the foregoing definition, each and every communication, written or verbal, by and between Envirocon and Arcadis related to the Project that occurred from January 1, 2002 through and including November 30, 2005.

**ANSWER TO INTERROGATORY NO. 40:**

Objection, this interrogatory is overly broad and unduly burdensome in that there were innumerable communications between the parties between 2002 and 2005. To ask the defendant to itemize every communication over the span of nearly four years is an impossible undertaking. Subject to this objection, the defendant refers the plaintiff to the records produced in response to the requests for production.

**INTERROGATORY NO. 41:**

Describe in detail, consistent with the foregoing definition, each and every communication, written or verbal, by and between Arcadis and the United States (as defined herein) related to the Project that occurred from January 1, 2002 through and including November 30, 2005.

**ANSWER TO INTERROGATORY NO. 41:**

Objection, this interrogatory is overly broad and unduly burdensome in that there were innumerable communications between the parties between 2002 and 2005. To ask the defendant to itemize every communication over the span of nearly four years is an impossible undertaking. Subject to this objection, the defendant refers the plaintiff to the records produced in response to the requests for production.

**INTERROGATORY NO. 42:**

Describe in detail, consistent with the foregoing definition, each and every communication, written or verbal, by and between Arcadis and Avondale Marine related to the Project that occurred from January 1, 2002 through and including November 30, 2005.

**ANSWER TO INTERROGATORY NO. 42:**

Objection, this interrogatory is overly broad and unduly burdensome in that there were innumerable communications between the parties between 2002 and 2005. To ask the defendant to itemize every communication over the span of nearly four years is an impossible undertaking. Subject to this objection, the defendant refers the plaintiff to the records produced in response to the requests for production.

**INTERROGATORY NO. 43:**

Describe in detail, consistent with the foregoing definition, each and every communication, written or verbal, by and between Arcadis and anyone else related to the Project that occurred from January 1, 2002 through and including November 30, 2005.

**ANSWER TO INTERROGATORY NO. 43:**

Objection, this interrogatory is overly broad and unduly burdensome in that "anyone else" is not defined and there were innumerable communications "related to" the project between the defendant and others between 2002 and 2005. To ask the defendant to itemize every communication over the span of nearly four years is an impossible undertaking. Subject to this objection, the defendant refers the plaintiff to the records produced in response to the requests for production.

**INTERROGATORY NO. 44:**

List each and every document (as defined herein) in Arcadis' possession that relates to its defenses in this action, including affirmative defenses, and/or to Envirocon's Claim.

**ANSWER TO INTERROGATORY NO. 44:**

Objection, this interrogatory calls for information protected by the attorney/client and

work product privileges. Further, it is over broad and unduly burdensome. Subject to this objection, the defendant refers the plaintiff to the documents produced in response to the outstanding requests for production.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____ DAY OF _______, 2006.

Arcadis G&M, Inc.

Dated: ____________

______________________________
By

As to the objections,
Arcadis G&M, Inc.
By its attorneys,

______________________________
Warren D. Hutchison, R.I. Bar # 5571
Brian C. Newberry, R.I. Bar # 5542
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02110
Tel: (617) 406-4500
Fax: (617) 406-4501
Dated: June ____, 2006

**CERTIFICATE OF SERVICE**

I Brian C. Newberry certify that on June ___, 2006, I served a copy of the foregoing document on all counsel of record by mailing, first class mail, postage pre-paid, to the following:

| | |
|---|---|
| Brian LaPlante, Esq.<br>LaPlante & Sowa, Ltd.<br>67 Cedar Street, Suite 102<br>Providence, RI 02903 | G. Scott Walters, Esq.<br>Smith, Currie & Hancock, LLP<br>2700 Marquis One Tower<br>245 Peachtree Center Ave.<br>Atlanta, Georgia 30303-1227 |

____________________________
Brian C. Newberry

01005743/25223.1