UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ENVIROCON, INC., Plaintiff, | : | |
| v. | : | CA 05-516 T |
| ARCADIS G&M, INC., Defendant. | : | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL AND DENYING DEFENDANT'S REQUEST FOR SANCTIONS**

Before the Court is Plaintiff's Motion to Compel (Document ("Doc.") #17) ("Motion"). Defendant Arcadis G&M, Inc. ("Defendant"), has filed an objection to the Motion. See Defendant, Arcadis G&M, Inc.'s Objection to Plaintiff, Envirocon, Inc.'s Motion to Compel (Doc. #18) ("Objection"). A hearing on the Motion was held on August 24, 2006.

At the hearing, counsel for Plaintiff Envirocon, Inc. ("Plaintiff"), advised the Court that as a result of recent communications between counsel the dispute which had prompted the Motion had been narrowed and that Plaintiff now sought the Court's intervention only as to seven matters. As orally modified, the Motion requests that the Court order Defendant to produce documents pertaining to five items (listed below) or to provide an affidavit from a knowledgeable company official stating that such documents do not exist:

1. The October 11, 2004, Audit Report. Plaintiff seeks the documents which provided the basis for this report, including the notes of the employee interviews which are referenced in the report.

2. The Contract Administration File. Plaintiff seeks a copy of this file as it exists in Defendant's corporate office in Colorado or, alternatively, identification of

where the documents contained in such file are located within the documents which have already been produced.

3. The "Management Files" of the persons identified in Mr. Walters' letter of 8/22/06 to Mr. Newberry.

4. The Monthly Progress Reports. Plaintiff seeks the monthly reports for the months which have not yet been provided.

5. All communications between Defendant and the United States regarding the project.

In addition to the above five items, Plaintiff's counsel orally requested that the Court conduct an in camera examination of documents #3, #4, #5, #8, #10, #11, and #13 which are identified in Defendant's privilege log and determine whether such documents should be produced. Plaintiff's counsel also orally requested that Defendant clarify the claim of privilege regarding document #7 in the Plaintiff's privilege log. Lastly, Plaintiff's counsel requested (as stated in the Motion) that Defendant be sanctioned by awarding Plaintiff its costs, attorneys' fees, and expenses incurred in connection with the July 10, 2006, on-site inspection and also the preparation of the instant Motion.

After listening to oral argument on the Motion, the Court made the following rulings.

**A. The Motion is granted to the extent that Defendant shall produce the documents pertaining to the five items (listed above) or provide an affidavit from a knowledgeable official of the company stating that he or she has verified that the documents do not exist or that they have previously been produced to Plaintiff.**[1]

---

[1] With regard to documents contained in The Contract Administration File, the person providing the affidavit must have knowledge of the contents of that file and of the documents which have

**B. To the extent that the Motion (as orally modified) seeks an in camera inspection of certain documents contained in Defendant's privilege log, the Motion is denied without prejudice.** Counsel are encouraged to confer regarding the need for an in camera inspection and attempt to eliminate or reduce the need for such inspection. If complete agreement is not possible and counsel wish to have an in camera inspection conducted (without the need for filing additional motions), counsel may submit the documents directly to the Court with a cover letter asking that such review be conducted. Counsel shall ensure that the number of documents to be reviewed is not excessive.

**C. To the extent that the Motion seeks an order awarding Plaintiff its costs, attorneys' fees, and expenses incurred with respect to the July 10, 2006, on-site inspection, as well as the preparation of the instant Motion, the Motion is DENIED.** While the Court has concerns about the manner in which Defendant has fulfilled its discovery obligations to date, the Court accepts the explanation offered by Defendant's counsel as to why documents which had previously been provided to Plaintiff in electronic form were not available in hard copy form at the July 10, 2006, on-site inspection. In addition, Plaintiff filed the Motion in advance of the date which Plaintiff's counsel had set for a response to his letter of July 13, 2006, to Defendant's counsel, see Motion, Exhibit 8 (Letter from Walters to Newberry of 7/13/06) at 4, and without having conferred with Plaintiff's counsel or making an attempt to do so. Given these

---

already been provided to Plaintiff. It need not be personal knowledge, but may be gained by making inquiry of individuals who have such personal knowledge. The affidavit shall identify these individuals. The purpose of this requirement is to verify that all the documents contained in the Contract Administration File in Colorado have previously been provided to Plaintiff.

circumstances, the Court declines to grant Plaintiff's request for sanctions.

**D. Defendant's request for sanctions, which is contained in the Objection and was also made orally by Defendant's counsel at the August 24, 2006, hearing is DENIED.** As noted above, the Court has concerns about Defendant's attentiveness to its discovery obligations in this case, as exemplified by its failure to provide Plaintiff with signed answers to interrogatories on a timely basis, notwithstanding requests from Plaintiff's counsel for such answers. In addition, although the Court accepts Defendant's counsel's explanation for Defendant's failure to have all the documents at the July 10, 2006, on-site inspection, the fact remains that Defendant did not fully comply with the Consent Order. See Consent Order Regarding On-Site Inspection of Documents and Things (Doc. #16) at 2 (requiring production of all documents and things responsive to Envirocon, Inc.'s First Request for Production of Documents and Things). These failures have contributed to Plaintiff's sense of uneasiness regarding Defendant's good faith compliance with its discovery obligations. Given these circumstances, the Court declines to grant Defendant's request for sanctions.

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
August 25, 2006

BY ORDER:

Deputy Clerk